952 F.2d 397
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Andrew JONES, Jr., Defendant-Appellant.
 No. 91-5050.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 12, 1991.
Decided Dec. 30, 1991.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. (CR-90-121-R), Jackson L. Kiser, District Judge.
 Jonathan M. Apgar, Damico & Apgar, Roanoke, Va., for appellant.
 E. Montgomery Tucker, United States Attorney, Arenda L. Wright Allen, Assistant United States Attorney, Roanoke, Va., for appellee.
 W.D.Va.
 AFFIRMED.
 Before DONALD RUSSELL and NIEMEYER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Andrew Jones, Jr., appeals his conviction for conspiracy to possess with intent to distribute "crack" cocaine in violation of 21 U.S.C.A. § 846 (West Supp.1991). We affirm.
 
 
 2
 Jones argues that the evidence was insufficient to withstand constitutional challenge and that the district court erred when it denied his Motion for Judgment of Acquittal. In reviewing a jury verdict of guilty, this Court examines the evidence presented in the light most favorable to the government. United States v. MacDougall, 790 F.2d 1135, 1151 (4th Cir.1986), citing Glasser v. United States, 315 U.S. 60, 80 (1942). Further, "[t]he relevant question is not whether the appellate court is convinced of guilt beyond a reasonable doubt, but rather whether ... any rational trier of facts could have found the defendant guilty beyond a reasonable doubt." United States v. Jones, 735 F.2d 785, 791 (4th Cir.), cert. denied, 469 U.S. 918 and 469 U.S. 936 (1984), quoting United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982).
 
 
 3
 The evidence was sufficient to convict Jones of conspiracy pursuant to 21 U.S.C.A. § 846. The government showed the existence of the conspiracy, Jones's knowledge of the purpose of the conspiracy, and some action indicating Jones's participation. United States v. Spoone, 741 F.2d 680 (4th Cir.1984), cert. denied, 469 U.S. 1162 (1985). Jones's co-conspirator's testimony, taken in the light most favorable to the government, showed that Jones and his co-conspirator drove from Philadelphia to Roanoke with four ounces of "crack" cocaine to sell drugs at Jones's suggestion, checked into a motor inn together, rented a car for Jones to drive because his co-conspirator did not want his car driven with drugs in it, and broke down and bagged the cocaine for distribution. Further, according to the co-conspirator, both men had access to the cocaine and firearms in the motor inn room. They expected to make a profit of eight thousand dollars from the Roanoke sales. Jones was found with two loaded firearms in the rental car.
 
 
 4
 Because questions of the credibility of witnesses are for the jury, United States v. Saunders, 886 F.2d 56, 60 (4th Cir.1989), and the jury believed Jones's co-conspirator, his conviction must be affirmed. The district court properly denied the Defendant's Motion for Judgment of Acquittal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.